IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NATIONSRENT, INC., et al.,[1]<br><br>Debtors. | Case Nos. 01-11628 through 01-11639 (PJW)<br><br>Jointly Administered<br><br>Chapter 11 |
| NATIONSRENT UNSECURED CREDITOR'S LIQUIDATING TRUST, through PERRY MANDARINO, not personally, but as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE MANAGEMENT SYSTEMS INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-CV-742 (KAJ) |

**NOTICE OF DEPOSITION AND REQUEST FOR
PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF
BANKRUPTCY PROCEDURE 7030 AND 7034**

TO:  ALL PARTIES IN INTEREST AND
     TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that pursuant to Federal Rule of Civil Procedure 30(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7030(b)(6), Perry Mandarino (the "Trustee"), in his capacity as Trustee for the NationsRent Unsecured Creditor's Liquidating Trust, by and through counsel, Lowenstein Sandler PC and The Bayard Firm, will take the deposition upon oral examination of the Defendant Office

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

619806v1

Management Systems Inc. (the "Defendant" or the "Deponent"), by the officers, directors, employees or other persons, most knowledgeable regarding the matters listed on Exhibit A hereto, at the offices of The Bayard Firm, 222 Delaware Avenue, Suite 900, Wilmington, Delaware, on the **17th day of March, 2006, at 10:00 a.m. (Eastern Time)**, and continuing from day to day until completed. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Federal Rule of Bankruptcy Procedure 7028 and Federal Rule of Civil Procedure 28 who will record the deposition stenographically.

Pursuant to Federal Rule of Civil Procedure Rule 30(b)(6) and Federal Rule of Bankruptcy Procedure Rule 7030(b)(6), the Deponent shall designate one or more officers, directors, employees or other persons who will testify on its behalf on the matters identified on Exhibit A attached hereto.

NOTICE IS FURTHER GIVEN, as required by Federal Rules of Civil Procedure 30 and 34, made applicable by Federal Rules of Bankruptcy Procedure 7030 and 7034, that on or before the **16th day of March, 2006, at 4:00 p.m. (Eastern Time)**, the Deponent will be required to produce for inspection and copying at the offices of The Bayard Firm the documents described in Exhibit B attached hereto.

Dated: March 9, 2006                    THE BAYARD FIRM

/s/ M. Augustine
_____
Neil B. Glassman (No. 2087)
Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000

- and -

LOWENSTEIN SANDLER PC
Paul Kizel, Esquire
Susan Ericksen, Esquire
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500

Counsel for Perry Mandarino, not personally, but as Trustee for the NationsRent Unsecured Creditor's Liquidating Trust

## EXHIBIT A

Pursuant to Federal Rule of Bankruptcy Procedure Rule 7030(b)(6), the Deponent is requested to designate one or more officers, employees or other persons who are most knowledgeable about and will testify on its behalf with respect to the topics set forth below.

## TOPICS

1. The facts and circumstances that the Defendant maintains support the express or implied denials of any allegations in the complaint (the "Complaint") filed by the Trustee in this adversary proceeding.

2. The facts and circumstances that the Defendant maintains support each of the affirmative defenses asserted in the answer (the "Answer") to the Complaint filed by the Defendant in this adversary proceeding.

3. All contracts and agreements, whether written or oral, between the above-captioned debtors (the "Debtors") and the Defendant.

4. The business relationship between the Debtors and the Defendant prior to and on the date that the Debtors filed their bankruptcy petitions.

5. The transactions, course of business and/or financial affairs between the Debtors and Defendant prior to and on the date that the Debtors filed their bankruptcy petitions, including the manner and terms of the business transactions.

6. The ordinary course of business or financial affairs between the Debtors and the Defendant.

7. The ordinary course of business or financial affairs in the Defendant's industry.

8. The Defendant's business transactions with the Debtors relating to goods or services provided by the Defendant and received by the Debtors prior to and on the date that the Debtors filed their bankruptcy petitions, including the manner in which the goods or services were ordered, the manner in which the goods or services were provided, the manner in which the goods or services were invoiced and the manner in which the goods or services were paid.

9. The Defendant's procedures, programs and systems for manually and/or electronically receiving and processing business transactions with its customers prior to and on the date that the Debtors filed their bankruptcy petitions, including the information maintained by the Defendant, the location and accessibility of the information and the manner in which it is kept.

10. The goods or services provided by the Defendant to the Debtors and the payments made by the Debtors to the Defendant during the 90 days immediately preceding the date that the Debtors filed their bankruptcy petitions (the "Preference Period").

11. Any amounts owed by the Debtors to the Defendant for goods or services provided by the Defendant to the Debtors.

12. The documents produced in response to the document request on Exhibit B, including circumstances relating to their maintenance or preparation and their context and meaning.

13. The Defendant's efforts to locate all documents that are responsive to the document request on Exhibit B.

14. The transactions and course of dealing between the Debtors and the Defendant reflected in the documents produced in response to the document request on Exhibit B.

15. Witnesses, including experts, whom the Defendant intends to call at trial in this adversary proceeding.

**EXHIBIT B**

The Deponent is requested to produce the documents set forth below at the offices of The Bayard Firm, 222 Delaware Avenue, Suite 900, Wilmington, Delaware, on or before the 16th day of March, 2006, at 4:00 p.m. (Eastern Time).

**DOCUMENTS**

1. Any and all papers, writings or documents which relate to, support or contradict any of the facts alleged in the Complaint or any allegation in the Complaint.

2. Any and all papers, writings or documents which relate to, support, or contradict in any way any of the Defendant's affirmative defenses alleged in the Answer or asserted by the Defendant.

3. Any and all documents of any kind which relate to, support or contradict any party's position or any of the issues that are the subject matter of this litigation.

4. Any and all documents or correspondence setting forth the terms of retention of the Defendant's services by the Debtors and/or the terms of the parties' business dealings, including contracts, agreements, or letters confirming a party's understanding.

5. Any and all papers, writings or documents in your possession, custody or control which relate in any way to the transfers sought to be avoided in the Complaint (the "Transfers").

6. Any and all correspondence between the Defendant and the Debtors concerning any and all matters alleged in the Complaint and in the Answer to the Complaint.

7. Any and all correspondence between the Defendant and the Debtors

during the Preference Period.

8. Any and all correspondence between the Defendant and the Debtors during the two-year period immediately preceding the Preference Period.

9. Any and all correspondence, including internal or electronic correspondence, concerning any and all matters alleged in the Complaint and in the Answer.

10. Any and all correspondence, including internal or electronic correspondence, which relate in any way to the course of business and/or financial affairs between the Debtors and the Defendant during the Preference Period.

11. Any and all correspondence, including internal or electronic correspondence, which relate in any way to the course of business and/or financial affairs between the Debtors and the Defendant during the two-year period preceding the Preference Period.

12. Any and all written communications that the Defendant, or anyone representing the Defendant, had at any time with the Debtors or any representative of the Debtors concerning the subject matter of this litigation.

13. Any and all written communications that the Defendant, or anyone representing the Defendant, had with any employee or former employee of the Debtors concerning the subject matter of this litigation.

14. If the Defendant contends that the Transfers were in payment of a debt incurred by the Debtors in the ordinary course for business, made in the ordinary course of business and made according to the ordinary business terms between the parties under 11 U.S.C. § 547(c)(2), any and all papers, writings or documents in the your possession,

custody or control which relate to, support or contradict such contention.

15. If the Defendant contends that the Defendant provided new value to the Debtors as provided under 11 U.S.C. § 547(c)(1), any and all papers, writings or documents in the your possession, custody or control which relate to, support or contradict such contention.

16. If the Defendant contends that the Defendant provided new value to the Debtors as provided under 11 U.S.C. § 547(c)(4), any and all papers, writings or documents in the your possession, custody or control which relate to, support or contradict such contention.

17. Any and all invoices, billing statements or other documents describing goods and/or services provided to the Debtors by the Defendant during the Preference Period.

18. Any and all invoices, billing statements or other documents describing goods and/or services provided to the Debtors by the Defendant during the two-year period preceding the Preference Period.

19. Any and all accounts receivable reports, aging reports and/or accounting records relating to, referring to or regarding the Debtors during the Preference Period.

20. Any and all accounts receivable reports, aging reports and/or accounting records relating to, referring to or regarding the Debtors during the two-year period preceding the Preference Period.

21. Any and all documents indicating, constituting, relating or referring to payments made to the Defendant for goods and/or services provided to the Debtors by the Defendant during the Preference Period.

22.    Any and all documents indicating, constituting, relating or referring to payments made to the Defendant for goods and/or services provided to the Debtors by the Defendant during the two-year period preceding the Preference Period.

23.    Any and all papers, writings or documents which relate in any way to the course of business and/or financial affairs between the Debtors and the Defendant during the Preference Period.

24.    Any and all papers, writings or documents which relate in any way to the course of business and/or financial affairs between the Debtors and the Defendant during the two-year period preceding the Preference Period.